**KRIEG, Admr., Etc. v CLEVELAND RAILWAY CO.**

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 16589. Decided Jan 9, 1939.

Harrison & Marshman, Cleveland, for appellee.

Squire, Sanders & Dempsey, Cleveland, for appellant.

**OPINION**

By DOYLE, J.

This action arose out of a collision between an east-bound street car and a west-bound automobile on Scovill avenue in the city of Cleveland. Charles Jordan, a passenger in the automobile, was killed. An administrator was appointed by the Probate Court of Cuyahoga County for the estate of said Charles Jordan, who prosecuted this action in the Court of Common Pleas of Cuyahoga County for the benefit of Anna Jordan, the decedent's mother, Turner Smith, a brother of the full blood and an adult, and Reuben Jor-

dan and Alonzo Jordan, brothers of the half blood, aged 10 and 7 years, respectively. The action was brought by virtue of the authority granted by §10509-167 GC.

A jury trial in the Common Pleas Court of Cuyahoga County, in which the Cleveland Railway Co. was the defendant, resulted in a verdict for the administrator in the amount of $3500. The jury also, in answer to interrogatories submitted to it, specifically found that Reuben Jordan and Alonzo Jordan suffered pecuniary losses in the amount of $1400 each, and that Anna Jordan, the mother, suffered a pecuniary loss in the amount of $700, and that Turner Smith suffered no loss at all.

From the judgment of the Court of Common Pleas, appeal has been prosecuted to this court on questions of law. The Cleveland Railway Co., the appellant, in seeking a reversal of the judgment below, urges the following claimed errors:

First, error of the court in permitting collateral heirs to recover where there was no showing of pecuniary loss.

Second, error of the court in refusing to charge the jury that the place of the accident was a business or closely-built-up section, as a matter of law.

Third, error of the court in allowing the plaintiff to amend his petition by setting up what allegedly amounted to an entirely new cause of action.

Fourth, error of the court in overruling the motion for a directed verdict at the end of plaintiff's case, which motion was renewed at the close of all the evidence.

Fifth, that the verdict of the jury is contrary to the weight of the evidence.

A consideration of the record of the trial in its entirety convinces this court that reasonable minds could reasonably conclude that negligence on the part of the Cleveland Railway Co. was a proximate cause of the death of plaintiff's decedent. Contributory negligence on the part of the decedent was not and could not have been an issue in this case.

This court is further of the opinion that there was no prejudicial error, as claimed by the appellant either (1) in the amendment of the petition (2) in the refusal of the court to charge, or (3) in the refusal to render a judgment for the defendant non obstante veredicto.

The first assignment of error, however—namely, that "the trial court erred in permitting collateral heirs to recover where there was no showing of pecuniary loss"—we believe to be meretorious. There is presented this following question: Is there a presumption of pecuniary loss in favor of collateral heirs resulting from the wrongful death of a child, as there is in the case of parents?

The evidence in this case shows the plaintiff's decedent to have been a member of a household consisting of his stepfather, his mother, and two half brothers. The mother, the only witness on the subject, testified that her husband, the decedent's stepfather, was the sole support of the family. There is evidence, however, that the decedent worked after school and earned between five and seven dollars a week, which earnings the mother testified were given over to her. There is no evidence that this money was used for the support of the family, but on the contrary the mother testified, as stated before, that her husband was the sole support of the family.

The members of this court are of the opinion that there is no direct or inferential evidence showing a pecuniary loss to either one of the two half brothers; and although, in the earlier Supreme Court cases in this state, it was held that a presumption of pecuniary loss exists in the case of collateral heirs, the more recent cases of the higher courts of this state have held to the contrary, without specifically overruling the earlier decisions. This is also the trend of the decisions generally throughout the country. It is therefore our conclusion that, there being no presumption of pecuniary loss

to the brothers of the half blood, there is no proof in this record of a pecuniary loss to these collateral heirs.

Smith, Exr. v T. & O. C. Rd. Co., et, 133 Oh St 587.

Martin, Admx. v Pennsylvania Rd. Co., 55 Oh Ap 205.

16 Am. Jur., Death. Sec. 332.

The rule as to collateral heirs does not apply to the mother in the instant case, and a presumption of pecuniary loss following the death of her son does exist. We therefore find that the jury was warranted in finding such a loss.

On the authority of Smith, Exr. v Railroad Co., supra, the judgment in so far as it amounts to $700, representing, as revealed by the interrogatories, the pecuniary loss to the mother, must be affirmed; and that part of the judgment amounting to $2800, representing, as revealed by the interrogatories, the jury's finding of the amount of pecuniary loss to the collateral heirs, must be reversed, and final judgment as to them rendered in favor of the appellant.

The members of this court do not attempt to analyze the procedure adopted by the Supreme Court in its affirmance of a part of the judgment. and a reversal of a part of the judgment, in the case of Smith, Exr. v Railroad Co., supra. We do, however, follow in the instant case the procedure adopted in that case.

Judgment affirmed for $700, and reversed and final judgment rendered as to $2800.

STEVENS, PJ. and WASHBURN, J., concur.